UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCESCO LEONE

       Plaintiff,                               CASE NO. 10-11504

v.                                                   PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE

JANET NAPOLITANO, SECRETARY
DEPARTMENT OF HOMELAND
SECURITY, (DHS), et al.

       Defendant.
_____/

**ORDER TRANSFERRING MOTION FOR EMERGENCY
STAY OF DEPORTATION PURSUANT TO 28 U.S.C. §2241, TO
W.D. MICHIGAN, THE SITE OF PETITIONER'S INCARCERATION,
FOR IMMEDIATE ATTENTION**

**BACKGROUND**

Petitioner entered the United States as a Visa Waiver Visitor on October 25, 1000, thereby committing himself to a 90 stay maximum stay and waiving the right to contest deportation.

More than 10 years later, Petitioner was arrested and convicted of operating a vehicle under the influence of liquor in Michigan court, and thereafter turned over to DHS for immediate deportation.

Petitioner is presently held in federal DHS detention in the Calhoun County Jail in Battle Creek, Michigan pending immediate deportation.

Petitioner, two business days before scheduled removal, to Italy, on April 14, 2010, filed this Motion, and Petition for Habeas Corpus pursuant to 28 U.S.C. §2241, seeking an emergency

1

stay of deportation. This petition has yet to be served on the U.S. Attorney for the Eastern District of Michigan.

Upon entering the United States in 1999, as a condition of entry, Petitioner signed a waiver stating that he would not contest any action of deportation. Now, 10 years later, Petitioner alleges that the waiver was not entered "knowingly and willfully."

Petitioner further alleges that he qualifies for relief to adjust his status to that of Lawful Permanent Resident of the United States under §245(I) of the INA.

## **DISCUSSION**

The United States Court of Appeals for the Sixth Circuit has held that "Section 2241 is reserved for challenges to the execution or calculation of a sentence." *In re: Frank Paulus*, No. 07-2353, slip op. at 2 (6th Cir. July 23, 2008). See also *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). "In general a petition for a writ of habeas corpus under §2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself."

The Court further notes that the language of 28 U.S.C. §2241 points to the conclusion that an application for relief under this provision should be filed in the district where such person is in custody.

Petitioner is presently in custody in Battle Creek, Michigan which is located in the Western District of Michigan. Indeed, Petitioner states in his Petition, under the heading "Jurisdiction":

> The petitioner is being detained in Calhoun County Jail, located in Battle Creek, Michigan where his "immediate custodian", the warden of that facility is located.

2

In *Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2718, the Supreme Court held that the proper respondent in a §2241 petition "is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." The Supreme Court further held:

> We have never intimated that a habeas petitioner could name someone other than his immediate physical custodian as respondent simply because the challenged physical custody does not arise out of a criminal conviction.

*Id*. at 2720.

The Supreme Court further held:

> District Courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. §2241(a). We have interpreted this language to require "nothing more than that the court issuing the writ have jurisdiction over the custodian."

*Id*. at 2722 (citation omitted)

Accordingly, since petitioner and his custodian are located in Battle Creek, Michigan, this Court transfers this case to the Western District of Michigan, requesting immediate attention to this Petition.

SO ORDERED.

                                          S/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: April 19, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 19, 2010.

                                              S/Denise Goodine
                                              Case Manager